PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| VICKI L. YOUNG, | ) | |
| | ) | CASE NO. 4:12CV0399 |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CACH, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Counterclaim Defendants. | ) | [Resolving ECF Nos. 11 and 24] |

Pending is Counterclaim Plaintiff Vicki L. Young's Motion to Remand (ECF No. 11).

Ms. Young moves the Court for an order remanding the case to State court. The Court has been

advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons

set forth in Section II below, the Court will grant the motion upon the grounds that removal was

not proper.

Also pending is Counterclaim Defendants Square Two Financial Corporation

("SquareTwo"), CACH, LLC ("CACH") and Weltman, Weinberg & Reis Co., LPA's

("Weltman") Joint Motion to Strike Ms. Young's Notices of Supplemental Authority (ECF No.

24). The Court has been advised, having reviewed the record, the parties' briefs and the

applicable law. The Court denies the motion for the reasons set forth in Section III below.

**I.**

On May 7, 2009, Weltman filed a Complaint (ECF No. 1-2 at PageID #: 30- 42) on

behalf of CACH against Ms. Young in the Mahoning County, Ohio Court of Common Pleas,

(4:12CV0399)

being Case No. 2009 CV 01674.  This case, when brought in the State court, was a consumer

debt collection action that did not present a federal question or confer diversity jurisdiction.

CACH filed a Second Amended Complaint (ECF No. 1-3 at PageID #: 133-149) against Ms.

Young with leave of court.  On June 16, 2010, Ms. Young filed an Answer to Second Amended

Complaint and Amended Counterclaim (ECF No. 1-3 at PageID #: 112-31).  The Amended

Counterclaim is against CACH and New Party Counterclaim Defendants SquareTwo and

Weltman and asserts nine claims of which two (Counts One and Six) are made under federal law.

It sets forth class action and individual causes of action for alleged violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.,[1] the Ohio Consumer Sales

Practices Act ("OCSPA"), Ohio Revised Code § 1345.01, et seq.,[2] common law abuse of

process, defamation, civil conspiracy, and fraud.

On October 31, 2011, the State court filed a Judgment Entry that provides in pertinent

part:

> Pending before the Court was a Motion to Stay Proceedings and a Motion
> to Stay Discovery.  The parties argued the pending motions and were thereafter
> ordered to brief the issue of realignment. . . .

---

[1]  Pursuant to 15 U.S.C. § 1692k(d), an Ohio common pleas court has concurrent
jurisdiction with the federal court on FDCPA claims.

[2]  According to Ms. Young, if her Amended Counterclaim were to be reclassified,
it would deprive her of the rights available under Ohio Rev. Code § 1345.10(C), whereby
the OCSPA specifically allows a counterclaim to be asserted without regard to the period
of limitations.  ECF No. 11 at PageID #s: 496, 500; ECF No. 14 at PageID #s: 631-33,
640.  *See Elsea, Inc. v. Stapleton*, No. 97CA45, 1998 WL 391943, at *4 (Ohio App. 4th
Dist. July 2, 1998) (finding counterclaim was not time-barred).

2

(4:12CV0399)

        Moreover, until further order of this Court, all discovery and all rulings on pending matters are stayed. . . .  Any party that has been served with Requests for Admissions, to which no response has been provided as of September 16, 2011, said Requests for Admissions are not deemed admitted.  This ruling remains in effect until further order of this Court, or a transferee Court, wherein leave shall be granted to provide a reasonable time to respond to the pending Requests for Admissions.

ECF No. 1-3 at PageID #: 175-76.

        Over two- and- a-half years after the case commenced, the State court filed a Judgment Entry, dated January 24, 2012, that, in an extraordinary move, ordered Ms. Young to file a complaint asserting her affirmative claims for relief.  It provides:

        Plaintiff CACH, LLC's Motion to Dismiss Second Amended Complaint, filed on October 27, 2011, is granted.  Plaintiff's Complaint is hereby dismissed without prejudice pursuant to Ohio Civil Rule 41(A)(2).
        Counterclaim Defendants' Joint Motion to Realign the Parties, filed on October 28, 2011, is granted.  Defendant Vicki L. Young is to file a Complaint asserting her affirmative claims for relief against the other parties to this action within thirty days of this order.

ECF No. 1-3 at PageID #: 177.  It is undisputed that (1) the Judgment Entry did not expressly articulate that the parties were to be deemed realigned prior to the filing of a complaint by Ms. Young; and (2) Ms. Young did not file another affirmative pleading.  Her claims remain unchanged since June 16, 2010 when she filed the Answer to Second Amended Complaint and Amended Counterclaim (ECF No. 1-3 at PageID #: 112-31).  The Court agrees with Ms. Young that "[w]hile referring to 'realign[ment],' this order actually did not realign any party with another on the opposing side, rather it made a wholesale inversion of previous party designations, such that all parties reversed roles while staying aligned with others on the same side of the 'v.'"

ECF No. 25 at PageID #: 778.

3

(4:12CV0399)

On February 14, 2012, Ms. Young filed a Motion to Reconsider the Judgment Entry filed on January 25, 2012. This motion has properly not been ruled on by the State court because CACH, SquareTwo, and Weltman removed the action to this Court on February 17, 2012, based on federal question jurisdiction. *See* Joint Notice of Removal (ECF No. 1).

On April 18, 2012, the case came on for a Case Management Conference, at which time the Court entered a Case Management Plan (ECF No. 10) that required the parties serve and file briefs in support of their respective positions on whether this case should be remanded to State court for lack of subject-matter jurisdiction. ECF No. 10 at PageID #: 491.

**II.**

Federal courts are courts of limited jurisdiction conferred by Article III of the United States Constitution and the Acts of Congress. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). Actions brought before the State court may be removed to the federal court only if the suit could have been originally brought before the federal court. 28 U.S.C. § 1441; *see Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). The term "defendant" in the removal statutes is narrowly construed. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002).

Neither the United States Supreme Court nor the Sixth Circuit Court of Appeals has considered the issue of whether a State court order of realignment can confer subject matter jurisdiction in federal court where none existed at the inception of the lawsuit. In *Caszatt v.*

4

(4:12CV0399)

*Asset Acceptance LLC*, No. 1:12CV2423 (N.D. Ohio Nov. 29, 2012) (ECF No. 7 in Case No. 1:12CV2423), Chief Judge Oliver recently concluded:

> Removal is not available to a plaintiff or counterclaim-defendant who was originally the plaintiff. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941); *see also Deutsche Bank Nat'l Trust Co. v. Weikert*, 638 F. Supp.2d 826, 828 n.3 (6th Cir. 2009).  A party may not acquire a right to remove, which Congress did not confer on it.  *Shamrock Oil*, 313 U.S. at 108.  Thus, only "true defendants" can remove a case, not parties who acquired the litigation position of "defendant" through counterclaims or crossclaims.  14C Charles Alan Wright, *et al*, *Federal Practice and Procedure* § 3730 (4th ed. 2009); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) (citing the American Law Institutes position that "the right of removal applies only to the action as framed by the pleading that commences the action").  The Supreme Court has stated that allowing a counterclaim to establish federal jurisdiction would "contravene the longstanding policies underlying [Supreme Court] precedent; the complaint determines the court's jurisdiction.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

*Id.* at 4 (ECF No. 7 in Case No. 1:12CV2423 at PageID #: 280).  Like the counterclaim defendant in *Caszatt*, CACH, SquareTwo, and Weltman made it clear that they moved for realignment in order to facilitate the removal of the counterclaim to federal court.  *See* Joint Motion to Realign the Parties (ECF No. 11-5 at PageID #: 537).  As Chief Judge Oliver stated in *Caszatt*,

> [t]he Court should not permit a party to engage in such blatant acts of forum shopping.  *McDermott v. Toyota Motor Sales Co.*, 487 F. Supp. 484, 486 (E.D. Tenn. 1980).  Forum shopping frustrates the notion of federalism and stifles judicial economy.  *Id.* . . .  Any doubts the court has as to the propriety of removal should be resolved in favor of remand.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

No. 1:12CV2423 at 6 (ECF No. 7 in Case No. 1:12CV2423 at PageID #: 282).  *Rodriguez v. Federal Nat'l Mortgage Assoc.*, 268 F. Supp.2d 87 (D. Mass. 2003) and *Reiter Oldsmobile, Inc. v. General Motors Corp.*, 477 F. Supp. 125 (D. Mass. 1979) also found that realignment in State court cannot confer federal jurisdiction.

5

(4:12CV0399)

There are two cases from this court, however, that hold that a realigned defendant may remove a case to federal court.[3]  In *Hrivnak v. NCO Portfolio Mgmt.*, 723 F. Supp.2d 1020 (N.D. Ohio 2010) (O'Malley, J.), NCO sued Hrivnak to collect debts owed.  Hrivnak answered and also filed a counterclaim alleging violation of the FDCPA.  NCO then moved to dismiss its complaint, and the State court granted the motion.  One of the counterclaim defendant corporate entities then filed a motion asking the State court to "realign" the parties.  The State court granted the motion and instructed Hrivnak to "file a complaint asserting his affirmative claims in relief." *Id.* at 1021.  Hrivnak filed a complaint as instructed, designating himself as Plaintiff and the counterclaim defendants as Defendants. *Id.*  The newly designated Defendants promptly filed a notice of removal with the U.S. District Court for the Northern District of Ohio, and Hrivnak filed a motion to remand to the state court.  Realignment and removal occurred at a very early stage of the proceedings.

The issue before Judge O'Malley in *Hrivnak* was whether "realignment" of parties ordered by a State court can confer subject matter jurisdiction in federal court, where none existed at the inception of the lawsuit.  Interpreting the removal statute, 28 U.S.C. § 1446(b), and acknowledging that the question was not susceptible to an easy answer, Judge O'Malley noted

---

[3]  CACH, SquareTwo, and Weltman cite two other cases from this court in support of their statement that "it is well settled that Ohio courts have both the authority and discretion to realign parties when the only affirmative claims remaining in a case are the defendant's counterclaims, so as to simplify the proceedings, avoid confusion, prejudice and delay." ECF No. 12 at PageID #: 564. *See Thacker v. Javitch , Block & Rathbone LLP*, No. 1:09CV1199 (N.D. Ohio filed May 26, 2009) and *Zigdon v. LVNV Funding LLC*, No. 1:09CV0050 (N.D. Ohio filed Jan. 8, 2009).  A review of the dockets, however, reveals that realignment did not occur in either of these cases.

(4:12CV0399)

conflicting federal case law relating to this issue and stated that her interpretation of the removal statute led to the conclusion that "a state court order realigning a particular party as a plaintiff or a particular party as a defendant can create removal jurisdiction where none previously existed . . . ." *Id.* at 1028.  Therefore, Hrivnak's motion to remand was denied.  *Id.* at 1032.  *Passmore v. Discover Bank*, No. 1:11CV1347, 2012 WL 2332233 (N.D. Ohio June 14, 2012) (Gwin, J.), reached the same result, expressly citing *Hrivnak* with approval.

*Hrivnak* is distinguishable from the case at bar, because in *Hrivnak* the defendant/counterclaim plaintiff filed a pleading designating himself as "Plaintiff" and counterclaim defendants as "Defendants" before the case was removed.  That did not happen here.  Ms. Young's claims remain unchanged since June 16, 2010 when she filed her Answer to Second Amended Complaint and Amended Counterclaim (ECF No. 1-3 at PageID #: 112-31). *But cf. Stewart v. Bureaus Inv. Group No. 1*, No. 3:10-CV-1019-WKW, 2011 WL 2313213, at *3 (M.D. Ala. June 10, 2011) (finding removal proper, despite realigned plaintiff's failure to file a newly captioned complaint, because it was "implicit within the state court's Order of Realignment that the counter-complaint would be treated thenceforth as a complaint").  The Court is persuaded by and hereby adopts the holding and rationale of Chief Judge Oliver in *Caszatt v. Asset Acceptance LLC*, No. 1:12CV2423 (N.D. Ohio Nov. 29, 2012) (ECF No. 7 in Case No. 1:12CV2423 at PageID #: 281).  It is the Court's opinion that CACH occupies the position of Plaintiff by virtue of it initiating the case against Ms. Young seeking to collect an unpaid debt in the State trial court, *Hrivnak* and *Passmore* notwithstanding.

(4:12CV0399)

The Court's conclusion is encouraged by *State ex rel. Caszatt v. Gibson*, No. 2012-L-107, 2013 WL 310656 (Ohio App. 11th Dist. Jan. 28, 2013), wherein an Ohio court of appeals issued writs of mandamus and procedendo, and found the underlying State trial court order in *Caszatt v. Asset Acceptance LLC*, No. 1:12CV2423 (N.D. Ohio Nov. 29, 2012) (ECF No. 7 in Case No. 1:12CV2423), was "clearly and patently not authorized by the [Ohio] Rules of Civil Procedure. 2013 WL 310656 at *6.  The Ohio court of appeals found:

> The problem in this case is that respondents [Judge Joseph Gibson and Lake County Court of Common Pleas] played an *active* role unauthorized by the civil rules—it ordered a party to "amend" a pleading for the purpose of facilitating the removal and, in effect, refused to exercise its jurisdiction to hear a FDCPA claim. Without respondents' role in ordering a reversal of the parties' designation, a notice of removal *could not lawfully* be filed.

*Id.* at *9 (emphasis in original).  Contrary to the argument of CACH, SquareTwo, and Weltman in the case at bar, *see* ECF No. 12 at PageID #: 566, the Ohio court of appeals also found in *Caszatt* that the notion of "realignment" of parties (the mechanism the counterclaim defendant attempted to utilize to facilitate removal) "is clearly inapplicable in this case." *Id.* at *7.

### III.

The Court finds that Ms. Young properly cited *Caszatt v. Asset Acceptance LLC*, No. 1:12CV2423 (N.D. Ohio Nov. 30, 2012) (Oliver, C.J.), and *State ex rel. Caszatt v. Gibson*, No. 2012-L-107, 2013 WL 310656 (Ohio App. 11th Dist. Jan. 28, 2013) as supplemental authority in ECF Nos. 22 and 23 while her motion to remand was pending.  While the United States District Court for the Northern District of Ohio does not have a Local Rule regarding citation of supplemental authority, Fed. R. App. P. 28(j) is instructive.  It provides:

8

(4:12CV0399)

> **Citation of Supplemental Authorities.** If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and must be similarly limited.

At the time that these additional authorities were decided, the case at bar already had been briefed and was awaiting disposition by the Court. Thus, it was entirely appropriate for counsel to have brought that new precedent to the attention of the Court by following by analogy Fed. R. App. P. 28(j).

## IV.

Counterclaim Plaintiff Vicki L. Young's Motion to Remand (ECF No. 11) is granted. The case is remanded to the state court from which it was removed. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Counterclaim Defendants's Joint Motion to Strike Ms. Young's Notices of Supplemental Authority (ECF No. 24) is denied.

IT IS SO ORDERED.

 March 13, 2013                          */s/ Benita Y. Pearson*          
Date                                     Benita Y. Pearson
United States District Judge

9